**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| RONALD GIBBS, individually, and on behalf of others similarly situated, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CIVIL ACTION NO  7:18-cv-00170-O |
| | § § | |
| THE RESULTS COMPANIES, LLC, a Delaware Corporation, | § § § | |
| Defendant. | § § | |

## <u>DEFENDANT'S ANSWER AND DEFENSES TO THE</u>
## <u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>

Defendant The Results Companies LLC ("Results") answers the correspondingly numbered paragraphs of the Collective and Class Action Complaint (the "Complaint") filed by Plaintiff Ronald Gibbs ("Plaintiff")[1] and asserts various defenses as follows:

## <u>INTRODUCTION</u>

1.      Results admits that Plaintiff purports to bring this action on behalf of himself and others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and attendant regulations.  Results denies all liability and that Plaintiff is entitled to any relief.

2.      Results admits that Plaintiff also purports to bring this action on behalf of himself and others similarly situated to recover allegedly unpaid straight time wages.  Results denies all liability and that Plaintiff is entitled to any relief requested.

---

[1] Pursuant to the parties' agreement, the Court dismissed Plaintiff Bobbi Kazmierczak ("Kazmierczak") from this action on February 4, 2019 (Doc. 22).  Results denies all allegations and liability regarding the claims asserted by Kazmierczak but, given her dismissal from this action, only responds as to Plaintiff Gibbs.

3.      Results admits the allegations in Paragraph 3 of the Complaint to the extent that the content of its website speaks for itself.

4.      Results admits that Plaintiff was employed by Results as an hourly customer service representative at its Wichita Falls location.  Results lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4 of the Complaint and, therefore, they are denied.

5.      Results denies the allegations in Paragraph 5 of the Complaint.

6.      Results denies the allegations of Paragraph 6 of the Complaint, including subparagraphs (a) through (d).

7.      Results admits that the U.S. Department of Labor issued Fact Sheet #64, which speaks for itself.  Results denies the remainder of Paragraph 7 of the Complaint, including Plaintiff's characterization of the U.S. Department of Labor's position on call centers.

8.      Results denies the allegations in Paragraph 8 of the Complaint.

9.      Results admits that Fact Sheet #64 includes the quoted language in Paragraph 9 of the Complaint; however, Results denies Plaintiff's characterization of Fact Sheet #64 and further states that the document speaks for itself.

10.     Paragraph 10 of the Complaint states a legal conclusion to which no response is required.

11.     Results denies the allegations in Paragraph 11 of the Complaint.

12.     Results denies the allegations in Paragraph 12 of the Complaint.

13.     Results denies the allegations in Paragraph 13 of the Complaint in that Results denies that the claims in this action are appropriate for collective treatment (i.e., that there are other

individuals "similarly situated" to Plaintiff within the meaning of that term under the FLSA) or that the three-year time period for which Plaintiff seeks relief is applicable in this lawsuit.

14.     Results admits that Plaintiff purports to seek to send a Notice pursuant to 29 U.S.C. § 216(b) to all Customer Service Representatives/Customer Advocates of Results permitting them to assert FLSA claims.  Results otherwise denies the allegations in Paragraph 14 of the Complaint. Results further denies that the claims in this action are appropriate for collective treatment (i.e., that there are other individuals "similarly situated" to Plaintiff within the meaning of that term under the FLSA).

15.     Results denies the allegations in Paragraph 15 of the Complaint in that Results denies that the claims in this action are appropriate for class treatment.

16.     Results denies the allegations in Paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17.     Results admits the allegations in Paragraph 17 of the Complaint for jurisdictional purposes only.

18.     Results admits the allegations in Paragraph 18 of the Complaint for jurisdictional purposes only.

19.     Results admits the allegations in Paragraph 19 of the Complaint for jurisdictional purposes only.

20.     Results admits that it resides in this district for purposes of venue, but otherwise denies the allegations contained in Paragraph 20 of the Complaint.

## PARTIES

21.     Results admits the allegations in Paragraph 21 of the Complaint.

22.     Results denies the allegations in Paragraph 22 of the Complaint.

23.     Results denies the allegations in Paragraph 23 of the Complaint.

24.     Results admits the allegations in Paragraph 24 of the Complaint.

25.     Results admits the allegations in Paragraph 25 of the Complaint.

26.     Results lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, the allegations are denied.

27.     Results admits the allegations in Paragraph 27 of the Complaint.

28.     Results states that the document attached to the Complaint as Exhibit B speaks for itself.

29.     The court dismissed former Plaintiff Kazmierczak from this action on February 4, 2019 (Doc. 22).  A response is therefore not required to Paragraph 29 of the Complaint.

30.     The court dismissed former Plaintiff Kazmierczak from this action on February 4, 2019 (Doc. 22).  A response is therefore not required to Paragraph 30 of the Complaint.

31.     The court dismissed former Plaintiff Kazmierczak from this action on February 4, 2019 (Doc. 22).  A response is therefore not required to Paragraph 31 of the Complaint.

## GENERAL FACTUAL ALLEGATIONS

32.     Results admits the allegations in Paragraph 32 of the Complaint for FLSA coverage purposes only.

33.      Results admits the allegations in Paragraph 33 of the Complaint for FLSA coverage purposes only.

34.     Results admits the allegations in Paragraph 34 of the Complaint.

35.     Results admits the allegations in Paragraph 35 of the Complaint for FLSA coverage purposes only.

36.     Results admits the allegations in Paragraph 36 of the Complaint as to Plaintiff for FLSA coverage purposes only.  Results denies the remaining allegations in Paragraph 36 of the Complaint.  Results further denies that the claims in this action are appropriate for collective treatment (i.e., that there are other individuals "similarly situated" to Plaintiff within the meaning of that term under the FLSA).

37.     Results admits the allegations in Paragraph 37 of the Complaint as to Plaintiff for FLSA coverage purposes only.  Results denies the remaining allegations in Paragraph 37 of the Complaint.  Results further denies that the claims in this action are appropriate for collective treatment (i.e., that there are other individuals "similarly situated" to Plaintiff within the meaning of that term under the FLSA).

38.     Results admits the allegations in Paragraph 38 of the Complaint as to Plaintiff for FLSA coverage purposes only.  Results denies the remaining allegations in Paragraph 38 of the Complaint.  Results further denies that the claims in this action are appropriate for collective treatment (i.e., that there are other individuals "similarly situated" to Plaintiff within the meaning of that term under the FLSA).

39.     Results admits the allegations of Paragraph 39 of the Complaint as to Plaintiff.  Results denies the remaining allegations in Paragraph 39 of the Complaint.  Results further denies that the claims in this action are appropriate for collective or class treatment.

40.     Results admits the allegations of Paragraph 40 of the Complaint as to Plaintiff.  Results denies the remaining allegations in Paragraph 40 of the Complaint.  Results further denies that the claims in this action are appropriate for collective or class treatment.

41.     Results admits the allegations of Paragraph 41 of the Complaint.

42.     Results denies the allegations of Paragraph 42 of the Complaint.

43.    Results admits that there are over three hundred (300) customer service representatives employed at its Wichita Falls location.

44.    Results admits that Plaintiff Gibbs generally worked a full-time schedule.

45.    Results denies the allegations of Paragraph 45 of the Complaint.

46.    Results denies the allegations of Paragraph 46 of the Complaint.

47.    Results admits the allegations of Paragraph 47 of the Complaint.

48.    Results admits the allegations of Paragraph 48 of the Complaint.

49.    The court dismissed former Plaintiff Kazmierczak from this action on February 4, 2019 (Doc. 22).  A response is therefore not required to Paragraph 49 of the Complaint.

50.    The court dismissed former Plaintiff Kazmierczak from this action on February 4, 2019 (Doc. 22).  A response is therefore not required to Paragraph 50 of the Complaint.

51.    The court dismissed former Plaintiff Kazmierczak from this action on February 4, 2019 (Doc. 22).  A response is therefore not required to Paragraph 51 of the Complaint.

52.    The court dismissed former Plaintiff Kazmierczak from this action on February 4, 2019 (Doc. 22).  A response is therefore not required to Paragraph 52 of the Complaint.

53.    The court dismissed former Plaintiff Kazmierczak from this action on February 4, 2019 (Doc. 22).  A response is therefore not required to Paragraph 53 of the Complaint.

54.    The court dismissed former Plaintiff Kazmierczak from this action on February 4, 2019 (Doc. 22).  A response is therefore not required to Paragraph 54 of the Complaint.

55.    Results admits that customer service representatives generally are provided a 30-minute unpaid meal period each work day.  Results denies the remaining allegations in Paragraph 55 of the Complaint.

56.    Results denies the allegations in Paragraph 56 of the Complaint.

57.     Results denies the allegations of paragraph 57 of the Complaint.

58.     Results denies the allegations of paragraph 58 of the Complaint.

59.     Results denies the allegations of paragraph 59 of the Complaint.

60.     Results admits that customer service representatives switch off their "available" status at the end of their shift.  Results denies the remaining allegations in Paragraph 60 of the Complaint.

61.     Results denies the allegations of Paragraph 61 of the Complaint.

62.     Results denies the allegations of Paragraph 62 of the Complaint.

63.     Results denies the allegations of Paragraph 63 of the Complaint.

64.     Results denies the allegations of Paragraph 64 of the Complaint.

65.     Results denies the allegations of Paragraph 65 of the Complaint.

66.     Results denies the allegations in Paragraph 66 of the Complaint.

67.     Results denies the allegations in Paragraph 67 of the Complaint.

68.     Results denies the allegations of Paragraph 68 of the Complaint.

69.     Results denies the allegations of Paragraph 69 of the Complaint.

70.     Results denies the allegations of Paragraph 70 of the Complaint.

71.     Results denies the allegations of Paragraph 71 of the Complaint.

72.     Results denies the allegations of Paragraph 72 of the Complaint.

73.     Results admits that customer service representatives are eligible to earn bonus pay but denies that all received bonus compensation each workweek.

74.     Results admits the allegations of Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint states a legal conclusion to which no response is required.

76.     Paragraph 76 of the Complaint states a legal conclusion to which no response is

required.

77.     Paragraph 77 of the Complaint states a legal conclusion to which no response is required.

78.     Paragraph 78 of the Complaint states a legal conclusion to which no response is required.

79.     Paragraph 79 of the Complaint states a legal conclusion to which no response is required.

80.     Paragraph 80 of the Complaint states a legal conclusion to which no response is required.

81.     Results denies the allegations of Paragraph 81 of the Complaint.

82.     Results denies the allegations of Paragraph 82 of the Complaint.

83.     Results denies the allegations of Paragraph 83 of the Complaint.

84.     Results denies the allegations of Paragraph 84 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

85.     Results realleges and incorporates its responses to Paragraphs 1 through 84 of the Complaint.

86.     Results admits that Plaintiff purports to bring this action as an opt-in representative action pursuant to the FLSA and attendant regulations.  Results denies all liability and that Plaintiff is entitled to any relief.

87.     Results denies the allegations in Paragraph 87 of the Complaint in that Results denies that the claims in this action are appropriate for collective treatment (i.e., that there are other individuals "similarly situated" to Plaintiff within the meaning of that term under the FLSA) or that the three-year time period for which Plaintiff seeks relief is applicable in this lawsuit.

88.     Results admits that Plaintiff purports to bring a collective action against Results to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).  Results denies all liability and that Plaintiff is entitled to any relief.

89.     Results admits that Plaintiff's action alleges a willful violation.  Results denies that the three-year time period for which Plaintiff seeks relief is applicable in this lawsuit.

90.     Results admits that Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all Customer Service Representatives/Customer Advocates of Results permitting them to assert FLSA claims.  Results otherwise denies the allegations in Paragraph 90 of the Complaint.  Results further denies that the claims in this action are appropriate for collective treatment (i.e., that there are other individuals "similarly situated" to Plaintiff within the meaning of that term under the FLSA).

91.     Results denies the allegations of Paragraph 91 of the Complaint.

92.     Results denies the allegations of Paragraph 92 of the Complaint.

93.     Results denies the allegations of Paragraph 93 of the Complaint.

94.     Results admit that Plaintiff demands a trial by jury but denies that a jury trial would be appropriate for all alleged putative collective members.

## RULE 23 CLASS ACTION ALLEGATIONS

95.     Results realleges and incorporates its responses to Paragraphs 1 through 94 of the Complaint.

96.     Results admits that Plaintiff purports to maintain this action as an opt-out class action pursuant to Federal Rule of Civil Procedure 23.  Results denies all liability and that Plaintiff is entitled to any relief.

97.     Results denies the allegations in Paragraph 97 of the Complaint in that Results denies that the claims in this action are appropriate for class treatment.

98.     Results admits that Plaintiff purports to bring a Rule 23 class action against Results for breach of contract for unpaid straight time wages.  Results denies all liability and that Plaintiff is entitled to any relief.

99.     Results denies the allegations of Paragraph 99 of the Complaint.

100.    Results denies the allegations of Paragraph 100 of the Complaint.

101.    Results denies the allegations of Paragraph 101 of the Complaint.

102.    Results denies the allegations of Paragraph 102 of the Complaint.

103.    Results denies the allegations of Paragraph 103 of the Complaint.

104.    Results denies the allegations of Paragraph 104 of the Complaint.

105.    Results admit that Plaintiff demands a trial by jury but denies that a jury trial would be appropriate for all alleged putative class members.

**COUNT 1**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*.**
**[Failure to Pay Overtime Wages]**

106.    Results realleges and incorporates its responses to Paragraphs 1 through 105 of the Complaint.

107.    Paragraph 107 of the Complaint states a legal conclusion to which no response is required.

108.    Results denies the allegations of Paragraph 108 of the Complaint.

109.    Results denies the allegations of Paragraph 109 of the Complaint.

110.    Results denies the allegations of Paragraph 110 of the Complaint.

111.    Results denies the allegations of Paragraph 111 of the Complaint.

112.    Results denies the allegations of Paragraph 112 of the Complaint.

113.    Results denies the allegations of Paragraph 113 of the Complaint.

114.    Results denies the allegations of Paragraph 114 of the Complaint and denies that Plaintiff is entitled to any relief.

**COUNT 1I**
**BREACH OF CONTRACT**
**[Failure to Pay Straight Time Wages]**

115.    Results realleges and incorporates its responses to Paragraphs 1 through 114 of the Complaint.

116.    Results admits that Plaintiff was employed by Results and paid an hourly wage. Results denies the remainder of Paragraph 116 of the Complaint and denies that the claims are appropriate for class treatment.

117.    Results admits that Plaintiff was employed by Results and paid an hourly wage. Results denies the remainder of Paragraph 117 of the Complaint and denies that the claims are appropriate for class treatment.

118.    Results denies the allegations of Paragraph 118 of the Complaint.

119.    Results denies the allegations of Paragraph 119 of the Complaint.

120.    Paragraph 120 of the Complaint states a legal conclusion to which no response is required.

121.    Results denies the allegations of Paragraph 121 of the Complaint.

122.    Results denies the allegations of Paragraph 122 of the Complaint.

123.    Results denies the allegations of Paragraph 123 of the Complaint.

**RELIEF REQUESTED**

Results denies that Plaintiff is entitled to any relief demanded in the "RELIEF REQUESTED" clause following Paragraph 123, including subparagraphs (A) through (O).

## JURY DEMAND

Results admits that Plaintiff demands a trial by jury but denies that a jury trial would be appropriate for all alleged putative collective or class members.

**Results denies all allegations not expressly admitted herein and asserts the following defenses:**

## DEFENSES

In asserting these defenses, Results does not assume the burden of proof as to matters that, pursuant to law, is Plaintiff's burden to prove.  Without conceding the burden of proof as to any of the following and without waiving the right to require Plaintiff to present *prima facie* evidence in support of his cause of action against Results, considering applicable standards of proof, Results presents the following additional defenses:

1.       An FLSA collective action is not appropriate in this case because Plaintiff is not "similarly situated" to any current or former employee of Results within the meaning of that term under the FLSA.

2.       Results had no knowledge of, nor should it have had knowledge of, Plaintiff or any non-exempt employees allegedly "similarly situated" to him performing work without being paid minimum wage or overtime compensation, and Results did not authorize, require, request, suffer, or permit such activity by Plaintiff or any persons allegedly "similarly situated" to him.

3.       Results acted in good faith and had reasonable grounds for believing that it acted in compliance with the FLSA with respect to its pay practices; therefore, Plaintiff may not be awarded liquidated damages.

4.       Plaintiff's FLSA claims, including his claims brought on behalf of persons allegedly "similarly situated" to him, are barred, in whole or in part, by the applicable statutes of

limitations.

5.      Plaintiff's FLSA claims, including his claims brought on behalf of persons allegedly "similarly situated" to him, are barred, in whole or in part, to the extent they include time that is not compensable under the FLSA.

6.      Plaintiff's FLSA claims, including his claims brought on behalf of persons allegedly "similarly situated" to him, are barred, in whole or in part, by the doctrine of equitable estoppel to the extent Plaintiff, or those allegedly "similarly situated" to him, intentionally failed to report accurately hours allegedly worked and/or Results was unaware and should not have been aware that Plaintiff or those allegedly "similarly situated" to him worked the hours claimed in this lawsuit.

7.      Plaintiff's FLSA claims are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA.

8.      Plaintiff's FLSA claims, including his claims brought on behalf of persons allegedly "similarly situated" to him, are barred, in whole or in part, by the *de minimis* doctrine.

9.      Plaintiff's breach of contract claims, including his claims brought on behalf of persons allegedly similarly situated to him, fail to satisfy the requirement of Rule 23 and are inappropriate for class treatment.

10.     Plaintiff's breach of contract claims, including his claims brought on behalf of other persons allegedly similarly situated to him, fail to state a cause of action separate from the FLSA claim.

11.     Plaintiff's breach of contract claim, and those of other persons he seeks to represent, is barred by the doctrines of waiver, estopped, accord and satisfaction, and unclean hands.

12.     Putative members of the purported FLSA collective and breach of contract class

have entered into binding mandatory arbitration agreements with Results.

## RESERVATION OF RIGHTS

Results reserves the right to plead other defenses as they become known to it during the litigation of this lawsuit.

WHEREFORE, Results requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, that Results be awarded its costs in defending this action, and that the Court grant such other and further relief as the Court deems just.

Dated: February 25, 2019

Respectfully submitted,

PHELPS DUNBAR LLP

BY:     */s/ Claudine Jackson*
Claudine Jackson
Texas State Bar No.: 00793800
115 Grand Avenue, Suite 222
Southlake, Texas 76092-7626
Telephone: 817-488-3134
Facsimile: 817-488-3214
Email: claudine.jackson@phelps.com

-and-

Dennis M. McClelland *(admitted pro hac vice)*
Florida State Bar No.: 91758
Julie Girard  *(admitted pro hac vice)*
Florida State Bar No.: 124372
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
Telephone: 813-472-7550
Facsimile: 813-472-7570
Email: Dennis.McClelland@phelps
Email: Julie.Girard@phelps.com

**ATTORNEYS FOR DEFENDANT THE RESULTS COMPANIES LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 25th day of February 2019 I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court.  The Electronic case files system sends a "Notice of Electronic Filing" to all counsel who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Claudine Jackson*
Claudine Jackson
